10-2924-cv
St. Paul Travelers Insurance Co. v. Wallenius Wilhelmsen Logistics A/S

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of May, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> REENA RAGGI,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ST. PAUL TRAVELERS INSURANCE COMPANY LIMITED,

*Plaintiff-Appellant*,

v.                                                                              No. 10-2924-cv

WALLENIUS WILHELMSEN LOGISTICS A/S, WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC, PARSIFAL SHIPPING LIMITED, *in personam*, PACIFIC RO RO STEVEDORING, and OST TRUCKS AND CRANES INC.,

*Appellees.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Clerk of Court is directed to amend the caption to read as shown above.

1

FOR APPELLANT:          WILLIAM R. BENNETT, III, Bennett, Giuliano, McDonnell & Perrone, LLP, New York, NY.

FOR APPELLEES:        PETER A. JUNGE (Armand P. Mele, *on the brief*), Junge & Mele LLP, New York, NY, *for appellees* Wallenius Wilhelmsen Logistics A/S, Wallenius Wilhelmsen Logistics Americas LLC, and Parsifal Shipping Ltd.

JAMES W. CARBIN, Duane Morris LLP, Newark, NJ, *for appellee* Pacific Ro Ro Stevedoring, LLC.

THADDEUS J. ROZANSKI, Kral Clerkin Redmond Ryan Perry & Van Etten, LLP, Melville, NY, *for appellee* OST Trucks and Cranes, Inc.

Appeal from a March 31, 2010 order and a June 30, 2010 judgment entered in the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant St. Paul Travelers Insurance Company Limited ("St. Paul") is the subrogee insurer of a 2006 Sunseeker Predator 72 yacht that was badly damaged when a crane toppled over while offloading the yacht at a port in California. St. Paul, seeking to recover the payout of the $4,179,938 insurance claim, brought claims of damage to goods in transit, negligence, unworkmanlike performance, conversion, negligent entrustment, and breach of contract against the ocean carrier (Wallenius Wilhelmsen Logistics A/S, Wallenius Wilhelmsen Logistics Americas LLC, and Parsifal Shipping Ltd.—jointly "WWL"), the crane owner and operator (OST Trucks and Cranes Inc.), and the discharging stevedore (Pacific Ro Ro Stevedoring, LLC). The defendants moved for summary judgment on the theory that the bill of lading precluded suit against any defendants other than WWL and furthermore capped WWL's liability at $500. The District Court found this argument persuasive, and, accordingly, dismissed the claims against Pac Ro Ro and OST and directed that judgment be entered against WWL in the amount of $500. St. Paul now appeals. We assume the parties' familiarity with the facts, procedural history, and legal issues currently before us.

We review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is appropriate only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Sousa v. Roque*, 578 F.3d 164 , 169 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56). Having conducted a *de novo* review, we hold, for substantially the reasons stated by the District Court in its thorough and well-reasoned opinion, *St. Paul Travelers Ins. Co. v. M/V Madame Butterfly*, 700 F. Supp. 2d 496 (S.D.N.Y. 2010), that (a) the bill of lading does

indeed govern the terms of this dispute between the parties, and (b) the bill of lading precludes St. Paul from pursuing legal claims against Pac Ro Ro or OST in connection with the damaged yacht and caps WWL's liability at $500.

As the District Court properly recognized, the service contract between WWL and Peters & May, Ltd (Sunseeker's freight forwarder) did not cover the yacht in question because the bill of lading for the yacht did not include the service contract number—as the service contract itself requires for it to be applicable—and failed to specify a freight rate for this particular yacht. Tellingly, St. Paul's complaint relies exclusively on the bill of lading to assert jurisdiction in the Southern District; according to the service contract that St. Paul insists is controlling here, all disputes with WWL must be settled through arbitration in London. Further, because we conclude that the service contract and bill of lading are unambiguous, there is no need to consult extrinsic evidence such as Gerald Price's declaration to determine the parties' intent. *See generally Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26-27 (2d Cir. 1988) ("In the absence of ambiguity, the effect of admitting extrinsic evidence would be to allow one party to substitute his view of his obligations for those clearly stated." (quotation marks omitted)).

St. Paul also argues that the Himalaya Clause[1] in the bill of lading cannot cover OST, a lessor of a mobile crane, who, at least according to St. Paul, (a) did not assist with the contract of carriage, (b) held no unique relationship with the carrier, and (c) was not an intended beneficiary of the contract of carriage. We need not reach this argument, however, because, as the District Court held, St. Paul's claims against Pac Ro Ro and OST are precluded by an independent, covenant-not-to-sue clause contained in the bill of lading. St. Paul forfeited any challenge to the validity of this clause by failing to raise it below. Moreover, it abandoned the issue on appeal, *see* Order, *St. Paul Travelers Ins. Co. v. Wallenius Wilhelmsen Logistics A/S*, No. 10-2924-cv (2d Cir. Dec. 23, 2010), and cannot resurrect the claim by post-argument filings.

The bill of lading also explicitly incorporated the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note, which serves to limit WWL's liability in this case to $500. To the extent St. Paul has not waived its argument that the yacht did not constitute a single "package" under COGSA, *see Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal), it is without merit. In the absence of any contrary evidence, the bill of lading's unambiguous statements that the "No. of units or packages" is "1" and that the "Total no. of containers or packages received by the Carrier" was also "One" evidences the parties' intent that the yacht was to be treated as a single package. *See*

---

[1] A Himalaya Clause is a contractual provision extending to third parties the defenses, immunities, limitations or other protections a law or a bill of lading confers on a carrier. *See Royal & Sun Alliance Ins., PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 142 & n.9 (2d Cir. 2010).

*Seguros "Illimani" S.A. v. M/V Popi P*, 929 F.2d 89, 94 (2d Cir. 1991); *accord Monica Textile Corp. v. S.S. Tana*, 952 F.2d 636, 640 (2d Cir. 1991).

## CONCLUSION

We have considered each of St. Paul's arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court